UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A11333 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Clarice M. Adams aka Clarice Marie Manser | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Jackson County, Michigan within the jurisdiction of this Court and may be served with service of process at 4048 Knightsbridge Lane, Jackson, Michigan 49201.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,183.52 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,635.07 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

  E. Attorneys fees                   $0.00

 **Total Owed**                      $2,818.59

  The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.000% per annum.

### Failure to Pay

  4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

  WHEREFORE, USA prays for judgment:

    A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

    B. For attorneys' fees to the extent allowed by law; and,

    C. For such other relief which the Court deems proper.

           Respectfully submitted,

         By: s/Charles J. Holzman (P35625)
           Holzman Corkery, PLLC
           Attorneys for Plaintiff
           Tamara Pearson (P56265)
           28366 Franklin Road
           Southfield, Michigan 48034
           (248) 352-4340
           usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: CLARICE M. ADAMS
AKA: N/A
Address: 31 20 BURTCH RD.
GRASS LAKE, MI 49240-9309

SSN:

Total debt due United States as of 06/11/97: $1,190.24

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $1,183.52 from 06/11/97 at the annual rate of 9%. Interest accrues on the principal amount of this debt at the rate of $.29 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 03/12/82 the debtor executed promissory note(s) to secure loan(s) from BRANCH COUNTY BANK, MI under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 08/01/85 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $134.44 thereby increasing the principal balance due to $2,147.68.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $1,183.52 |
| Interest: | $ 6.72 |
| Administrative/Collection Costs: | $ 0.00 |
| Penalties: | $ 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

June 19, 1997
(Date)

Richard Witwig
Loan Analyst
Litigation Branch

**MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY** Adams, C.
**GUARANTEED STUDENT LOAN**   V15945
PAYOUT NOTE
(Interest on Declining Balance)                Date: May 1, 1984

## I. LOAN INFORMATION

| LOAN NUMBER AND SUFFIX | DATE OF DISBURSEMENT | PRINCIPAL AMOUNT FINANCED | INTEREST RATE | FINANCE CHARGE TO BE PAID BY: Student | FINANCE CHARGE TO BE PAID BY: U.S. Commissioner of Education | MONTHLY INSTALLMENT PAYMENTS Amount Per Month | MONTHLY INSTALLMENT PAYMENTS Amount of Final Payment |
|---|---|---|---|---|---|---|---|
| (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) |
| 555542W | 03-12-82 | $2500.00 | 9.00% | $631.81 | — | $53.44 | — |
| Plus accrued interest fm. Jan. 1, 1984 to May 1, 1984 | | 74.59 2574.59 | % % % | | | | |
| | 6. TOTAL | $2574.59 | % | $631.81 | | $53.44 | — |

## II. DISCLOSURE STATEMENT

A. Amount Financed (Total Column 3) $ 2574.59    B. FINANCE CHARGE (Column 5) $ 631.81

C. Total of Payments (A & B)   $ 3206.40    D. ANNUAL PERCENTAGE RATE 9.00

E. Interest shall begin to accrue on the date of this note.

F. The Maker may prepay all or part of the principal amount of the loan without penalty. ___ days between payments, the actual amount of finance charge which will be paid may be more or less than state Section 1.

H. The Maker agrees to pay a late charge on each installment delinquent for a period exceeding ten days in an amount exceeding 5% of the installment payment or $5.00 whichever is less; but this provision shall not be deemed to ext the due date or grant any period of grace.

I. Deferment of principal payment and resumption of federal interest benefits, if eligible, may be obtained as specific program regulations if the Maker enters: 1) the Armed Forces of the United States, Peace Corps or ACTION progr 2) Commissioned Corps of the U.S. Public Health Service, 3) Volunteer service for an organization exempt from tax which is comparable to the Peace Corps or ACTION, 4) Internship required to begin professional practice or ser 5) A period of temporary total disability, or if the Maker's spouse enters a period of temporary total disability and Maker is unable to secure employment by reason of the care required of the spouse, 6) Rehabilitation training prog 7) Graduate fellowship program. Such deferment must be requested by the Maker on forms provided by the Guara Deferment requests are subject to approval by the Guarantor.

J. The Makers, if more than one, are jointly and severally liable and the term Maker, whenever used, shall mean the M or any one or more of them.

K. In the event of death or a determination of permanent and total disability, the entire amount owed by the Maker become due and shall be paid on behalf of the Maker by the Guarantor to the Holder.

## III. AGREEMENT BY MAKER

A. For value received, the maker promises to pay to   Branch County Bank
or order, the sum of $ 3206.40 , representing $ 2574.59 of principal and $ 631.81 of
interest over the term of this note. Payment shall be in (number) 60 successive monthly installmen
$ 53.44 each (except final installment, which shall be the remaining balance of $ _____ ) commenci
the 1st day of June 19 84 and thereafter on the same day of each subsequent month until paid i

B. The Maker acknowledges, if Maker and Holder agree, this note may be executed calling for repayment to begin e than the maturity date of the interim note(s) that it replaces and/or for payments which exceed the $360 yearly mir for a term which is less than the five year minimum. When such agreement reduces the grace period, the grace p may not be restored; however, the Maker may at any time refinance this note to the extent that the Maker may h total note term of at least five years but no more than ten years.

C. If any loans, consolidated into this Payout Note, were disbursed prior to December 15, 1968 and if the Make eligible for federal interest benefits in effect at the date of disbursement, the U.S. Commissioner shall make in payments on all or any portion of this note which is eligible for federal interest benefits to the Holder on beh the Maker at the rate of 3% per annum on the unpaid balance.

D. If the Maker defaults on this note by reason of delinquency, the unpaid principal balance shall, at the option Holder, become immediately due and payable without notice or demand; and if the Holder or subsequent Holde incur any reasonable costs or expenses greater than normal costs associated with the average collection there shall immediately become due from the Maker all reasonable expenses and attorney fees and the Holde take judgment for all such sums.

E. The Maker acknowledges that he or she is legally obligated, under Section 8 of Act No. 77 of the Public Acts of as amended, for payment of the note even though he or she may be less than eighteen years of age.

F. The Maker agrees that terms and conditions, as detailed in Section II, are also part of the agreements as lis Section III.

G. The Maker acknowledges receipt of an exact copy of this note at the time of execution of this note.

CO-MAKER SIGNATURE _____    MAKER SIGNATURE X Clarice M. Ad[ams]

TYPED NAME _____    TYPED NAME   Clarice M. Adams

ADDRESS _____    ADDRESS   2596 Barber Rd.

CITY _____ STATE _____ ZIP _____    CITY Grass Lake STATE MI ZIP [____]

SOCIAL SECURITY NO. [ ] [ ] [ ] . [ ] [ ] . [ ] [ ] [ ] [ ]    SOCIAL SECURITY

NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY   Phone 517 522

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the ev Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authorit event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Au

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTH(

Authorized Official   Patrick Cummin[gs]

Best Available Copy
At Time of Imaging

LENDER COPY

Dec. 23, 1985

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority, Lansing, MI. its interest in this note.

Branch County Bank

*Lowell R. Maxson*

By Lowell R. Maxson
A.V.P.

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_____  6/11/97
NAME                         DATE